ANGELL MATTHEWSON, *Appellant,* v. LEWIS HEVEL
*et al., Appellees.*

No. 16,417.

SYLLABUS BY THE COURT.

1. TAX ROLLS—*Prima Facie Evidence of Ownership.* The tax rolls of a county showing the assessment of land in the name of a person as owner are *prima facie* evidence of ownership by such person in an action to set aside a tax deed of the land issued to him.

2. TAX DEED—*Grantee Part Owner of Lot Sold as One Tract—Redemption of Entire Lot.* Where portions of a city lot belonging to different owners are taxed together and sold for taxes as one tract, a tax deed to one of the owners operates as a redemption of the whole tract.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed March 12, 1910. Affirmed.

*A. A. Osgood,* and *Paul H. Kimball,* for the appellant.

*A. D. Neale,* and *E. L. Burton,* for appellee John Mayer.

The opinion of the court was delivered by

BURCH, J.: Matthewson conveyed to Hevel the east 40 feet of the west 140 feet of a city lot. Hevel gave Matthewson a purchase-money mortgage on the property conveyed. Matthewson brought suit to foreclose the mortgage, and Hevel defended on the ground that Matthewson had undertaken to convey land which belonged to Mayer. Mayer was made a party and answered. He alleged that he was the owner of the land, that Matthewson's title rested on a tax deed, and that the tax deed was of no effect because based on a sale of the entire 140 feet, the west 100 feet of which Matthewson owned. Judgment creditors of Hevel were made parties and claimed liens. On the trial it ap-

peared that the 140 feet were sold for taxes as a single tract, that Matthewson took an assignment of the certificate of sale, and then a tax deed which embraced the whole of the tract sold. The tax roll of the county was introduced in evidence showing that the west 100 feet of the lot were assessed in the name of Matthewson as owner at the time of the assessment and sale. A witness testified that in a conversation with him, Matthewson admitted he was the owner of the west 100 feet of the lot when he took out the tax deed and stated he did not pay the taxes because Mayer had purchased the 40 feet now in controversy. This testimony was not contradicted. It was stipulated that Mayer was the owner of the 40 feet unless the tax deed extinguished his title. Judgment was rendered for Mayer canceling the deed to Hevel and the mortgage to Matthewson, and decreeing that the judgments against Hevel were not liens. Matthewson appeals.

Matthewson's admission of ownership was quite sufficient to conclude him, and the tax rolls showing him to be owner were properly admitted in evidence. The law requires assessors to list all real estate for taxation in the name of the owners, if known, and they may require owners to furnish them true descriptions. As the court said in *Shoup v. C. B. U. P. Rld. Co.*, 24 Kan. 547, 563, assessors are expected to ascertain the names of the owners of lands assessed and to set opposite each tract or lot on the assessment roll the name of the owner. The determination of the fact of ownership and the entry of the finding on the record are steps in the tax proceeding, and will govern in any controversy arising out of the proceeding unless corrected or rebutted in some proper way. Besides this, a tax roll, prepared according to law, is a public record which a person designated thereon as owner may rely upon as affording notice of his ownership to certain purchasers, and is admissible in his favor to show title and right of possession. (15 Cyc. 137.) Reciprocally, the roll is

*prima facie* evidence against such a person that he is owner as the roll states.

It was Matthewson's duty to pay his taxes. He could not take a valid tax deed of his own land. The attempt to do so merely amounted to a redemption from the tax sale. The sale and the deed being of a single tract as an entirety, the redemption extended to the entire tract. Had he wished to redeem only the part of the lot which belonged to him he should have proceeded under section 127 of the tax law. (Laws 1893, ch. 110, § 2; Gen. Stat. 1901, § 7662.)

The judgment of the district court is affirmed.